IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON FRAZIER & EARL FERGUSON,

  Plaintiffs,

v.

FULTON COUNTY DEPARTMENT OF
REGISTRATION AND ELECTIONS,
ET AL.,

  Defendants,

NEW GEORGIA PROJECT ACTION
FUND, ET AL.,

  Intervenor Defendants.

CIVIL ACTION FILE

No. 1:24-CV-03819-SCJ

## ORDER

This matter appears before the Court on Plaintiffs' Motion to Dismiss. Doc. No. [33].[1] Plaintiffs' asserted basis for the dismissal is that "Plaintiffs failed to meet a condition precedent for seeking relief in this court as required by 52 U.S.C. § 20510." Id. at 2. They therefore seek dismissal under Rule 41(a)(2). Id.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers referenced are those imprinted by the Court's docketing software.

The Court previously ordered expedited responses to Plaintiffs' Motion. Doc. No. [34]. None of the Defendants or Intervenor Defendants oppose Plaintiffs' Motion to Dismiss. See Doc. Nos. [35]; [36]; [37]; [38]. The Court has "weigh[ed] the relevant equities," most notably the infancy of this case and the lack of prejudice to Defendants or Intervenor Defendants. Macort v. Prem, Inc., No. 04-15081, 2005 WL 8151794, at *4 (11th Cir. Mar. 29, 2005) (citing Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1259 (11th Cir. 2001)); see also Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015). The Court, in its discretion, declines the requests by Intervenor Defendant New Georgia Project Action Fund and Defendant Raffensperger to dismiss this case with prejudice or to impose conditions on the dismissal. Doc. Nos. [37]; [38]. If Plaintiffs choose to refile a new case, then the Court leaves to the assigned court to make determinations regarding the merits-based arguments raised in Intervenor Defendant New Georgia Project Action Fund's and Defendant Raffensperger's responses in the light of the operative new complaint.

Having considered these submissions and the relevant legal authorities, the Court concludes that dismissal of this action is proper. Fed. R. Civ. P. 41(a)(2). Accordingly, the Court **GRANTS** Plaintiffs' Motion to Dismiss (Doc. No. [33])

and **DISMISSES** this case **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to terminate all pending motions and close this case.

IT IS SO ORDERED this 23rd day of September, 2024.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE